IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ERIC FLORES, #2051801,                §<br>         PLAINTIFF,                     §<br>                                              §<br>v.                                          §     CIVIL CASE NO. 3:20-CV-987-G-BK<br>                                              §<br>LORIE DAVIS, DIRECTOR TDCJ-CID, §<br>ET AL.,                                    §<br>         DEFENDANTS.              § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Eric Flores is a Texas state prisoner, who, having been previously sanctioned, has filed a *pro se* request for leave to file that was automatically referred to the United States magistrate judge. *See* 28 U.S.C. 636(b) and *Special Order 3*; Doc. 4. Plaintiff seeks permission to file a civil rights complaint and to proceed *in forma pauperis*. Doc. 2; Doc. 3. For the reasons stated herein, the motion for leave to file should be **DENIED**.

Based on serial contumacious conduct, the United States Court of Appeals for the Fifth Circuit has repeatedly sanctioned Flores. On April 16, 2020, the Fifth Circuit held:

> This court has previously sanctioned Flores for failing to heed this court's warning regarding the filing of frivolous or repetitive pleadings. *See In re Flores*, No. 19-90008 (5th Cir. Aug. 20, 2019) (unpublished); *Flores v. Unknown Defendants*, 713 F. App'x 419 (5th Cir. 2018); *Flores v. Moore*, 700 F. App'x 367 (5th Cir. 2017). In all of those cases, this court directed Flores to review all pending matters and move to dismiss any that are frivolous, repetitive, or otherwise abusive. *See In re Flores*, No. 19-90008, at 2; *Flores*, 713 F. App'x at 419; *Flores*, 700 F. App'x at 367. Because Flores ignored those warnings, IT IS ORDERED that an additional SANCTION IS IMPOSED. Flores is ORDERED to pay a monetary sanction in the amount of $200, payable to the clerk of this court. Flores is BARRED from filing in this court or in any court subject to this court's jurisdiction any pleading until all existing sanctions are paid in full, unless he first obtains leave of the court in which he seeks to file such pleading. Flores is further CAUTIONED that any future frivolous or repetitive filings in this court or any court subject to this court's

> jurisdiction will subject him to additional sanctions. He is again DIRECTED to review all pending matters and move to dismiss any that are frivolous, repetitive, or otherwise abusive.

*In re Flores*, No. 19-90025 (5th Cir. Apr. 16, 2020).

Flores is also barred by the three-strikes provision of the Prison Litigation Reform Act (PLRA) from filing any *in forma pauperis* civil action unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Flores v. Moore*, 691 F. App'x 217, 217-18 (5th Cir. 2017) (per curiam) (finding Flores failed to show that he should be allowed to proceed *in forma pauperis* on appeal because of the three-strikes bar); *Flores v. Unknown TDCJ Officials*, No. 5:17-CV-20-C, 2017 WL 7791601 (N.D. Tex. Feb. 6, 2017) (summarizing three-strikes bars and sanctions).

Even when liberally construed, Flores' pleadings do not assert any facts that warrant granting him leave to file in this Court. Consistent with his previous claims, his allegations of illegal incarceration by state prison officials and the State of Texas are fanciful and lack any genuine factual basis. Doc. 2 at 4. In addition, Flores has failed to establish that he is under imminent danger of serious physical injury or show satisfaction of the monetary sanctions previously imposed against him. His conclusory assertion of imminent danger due to unspecified threats of "irreparable injury such as death," Doc. 4 at 2-3, is patently insufficient.

Accordingly, Flores' motion for leave to file should be **DENIED**. Doc. 4. Further, upon acceptance of this recommendation, the case should be **ADMINISTRATIVELY CLOSED.**

**SO RECOMMENDED** on April 29, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).